UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SHERMAINE LASTER, #52285-509, § | |
| § | |
| Movant, § | |
| § | |
| v. § | CIVIL CASE NO. 3:23-CV-1529-B-BK |
| § | (CRIMINAL CASE NO. 3:21-CR-320-B-1) |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Movant Shermain Laster's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Upon review, the motion is **DENIED**.

### I. BACKGROUND

In 2022, Laster pleaded guilty, pursuant to a plea agreement, to a superseding information charging him with unlawful possession of a firearm by a convicted felon. Crim. Doc. 61. The court sentenced him to 40 months, an upward variance from the guideline range of 24-30 months because of his "drug dealing" and "pimping." Crim. Doc. 76. And his direct appeal was dismissed because he had waived the right to bring it in the plea agreement. Crim. Doc. 97.

Laster later filed this timely § 2255 motion alleging ineffective assistance of counsel. Doc. 1. In his sworn motion and brief, he asserts that (1) his trial counsel was ineffective for failing to convey a plea offer and raise a claim under *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), and (2) his appellate counsel was ineffective for failing to raise both issues on

direct appeal. Doc. 1 at 4-5; Doc. 2. The Government opposes § 2255 relief. Doc. 10. To date, Laster has not filed a reply.[1]

After review of all pleadings and the applicable law, the court concludes that Laster's claims have no merit. The § 2255 motion should therefore be denied.

## II. LEGAL STANDARD

To succeed on a claim of ineffective assistance of counsel, the movant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Failure to establish either deficient performance or prejudice defeats the claim. *Id.* at 697. To prove the deficient-performance prong, the movant must show that counsel made errors so serious that he or she was not functioning as the counsel guaranteed by the Sixth Amendment. *Id.* at 687. To prove prejudice, the movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

## III. ANALYSIS

### A. Failure to Convey a Plea Offer (second ground)

Laster asserts counsel rendered ineffective assistance in failing to notify him about a plea offer until after he was sentenced. Doc. 2 at 5. He maintains that this offer would have limited his sentencing exposure to 30 months under Fed. Rule of Crim. P. 11(c)(1)(C). Doc. 2 at 5-6.

Apart from his bare assertions, Laster does not offer proof that there was ever a formal Rule 11(c)(1)(C) plea offer to cap his sentence at 30 months. Consequently, he cannot

---

[1] All "Crim. Doc." citations refer to the related criminal case, *United States v. Laster*, No. 3:21-cr-00320-B-1. And all "Doc." citations refer to this § 2255 case.

demonstrate that counsel was deficient for failing to communicate an offer or that he was prejudiced by its rejection or lapse. *See Lafler v. Cooper*, 566 U.S. 156, 168 (2012) ("If no plea offer is made . . . , the issue [of ineffective assistance of counsel] simply does not arise."). Nor can Laster show prejudice—i.e., that the court would have accepted a Rule 11(c)(1)(C) plea agreement with a 30-month cap. In fact, at sentencing, the court varied upward to a sentence of 40 months, explaining that 30 months did not suffice because Laster was a dangerous "con man" and "deserve[d]" more. Crim. Doc. 86 at 18-19; *see also id.* at 19 ("Thirty months, I don't think, is anything for what you've done."). Thus, this ground has no merit.

### B.  Failure to Raise a Claim under *Bruen* (first ground)

Next, Laster contends counsel was ineffective in failing to challenge his conviction for possession of a firearm by a convicted felon under 18 U.S.C. § 922(g)(1) as unconstitutional under *Bruen* and the Second Amendment. Doc. 1 at 4. He relies on *Range v. Attorney General*, 69 F.4th 96, 106 (3d Cir. 2023) (en banc), and maintains that he has no prior violent convictions and is not dangerous. Doc. 1 at 4; Doc. 2 at 1-2.

This court has rejected a *Bruen*-based claim. In *United States v. Zelaya Hernandez*, No. 3:23-CR-0056-B, --- F. Supp.3d ---, 2023 WL 4161203 (N.D. Tex. June 23, 2023) (Boyle, J.), this court denied a motion to dismiss indictment and found that Supreme Court and Fifth Circuit jurisprudence show convicted felons are not covered by the plain text of the Second Amendment and, thus, that 18 U.S.C. § 922(g)(1) is constitutional. *Id.*, 2023 WL 4161203, at *7 ("[T]he Court finds that banning firearm possession for convicted felons—a class of persons who have been criminally convicted of serious crimes and generally shown a serious disregard for

the law and rights of others—passes constitutional muster."). In so holding, the court concluded that "§ 922(g)(1)'s prohibition is facially consistent with founding-era efforts to disarm dangerous people and threats to public safety." *Id.*, 20023 WL 4161203, at *7. *See also United States v. Thenstead*, No. 3:22-CR-00359-E, 2023 WL 8850766, at *5 (N.D. Tex. Dec. 20, 2023) (Brown, J.) (denying motion to dismiss indictment and holding § 922(g)(1) is constitutional after *Bruen*).

While the Fifth Circuit Court of Appeals has not addressed a preserved as-applied constitutional challenge to § 922(g)(1), it has rejected plain-error challenges to § 922(g)(1) under *Bruen* in published and many unpublished opinions. *See United States v. Jones*, 88 F.4th 573-74 (5th Cir. 2023) (per curiam); *United States v. Reyna*, No. 23-40134, 2024 WL 492401, at *2 (5th Cir. Feb. 8, 2024) (unpublished per curiam) (collecting cases). And most district courts in the Fifth Circuit have upheld the constitutionality of § 922(g)(1) post *Bruen*. *See, e.g., United States v. Mosely*, No. 22-620, 2023 WL 4765596, at *3 (S.D. Tex. July 26, 2023) (denying motion to dismiss indictment and holding that existing precedent affirming constitutionality of § 922(g)(1) is binding); *United States v. Jeffery*, No. SA-21-CR-00437, 2023 WL 4629556, at *4 (W.D. Tex. July 19, 2023) (same); *United States v. Wilson*, No. 2:21-CR-00268-01, 2023 WL 7095722, at *3-4 (W.D. La. Oct. 26, 2023) (denying § 2255 motion because § 922(g)(1) remains valid and collecting cases).

As noted, Laster relies on *Range v. Att'y Gen.*, 69 F.4th 96, 98-99 (3d Cir. 2023) (en banc), which found § 922(g)(1) unconstitutional under *Bruen*. Doc. 2 at 2. The Eighth Circuit has reached the opposite conclusion, however. *See United States v. Jackson*, 69 F.4th 495, 499, 501–02 (8th Cir. 2023) (rejecting a preserved as-applied constitutional challenges to § 922(g)(1)

under *Bruen*); *United States v. Cunningham*, 70 F.4th 502, 506 (8th Cir. 2023) ("The longstanding prohibition on possession of firearms by felons is constitutional."), *petition for cert. filed* (Jan. 29, 2024) (No. 23-6602). Thus, *Range* is neither binding nor persuasive authority that § 922(g)(1) is unconstitutional under *Bruen*.

In sum, the court finds that § 922(g)(1) remains constitutional post *Bruen* and thus Laster's *Bruen*-based claim has no merit. Therefore, Laster cannot establish that his counsel performed deficiently by failing to raise a *Bruen* claim. Nor can he show prejudice as any *Bruen* challenge would have failed.

### C. Counsel's Failure to Raise Grounds on Appeal

Laster also asserts that his appellate counsel was ineffective in failing to challenge on direct appeal the *Bruen* and belated-plea-offer claims. Doc. 1 at 4-6; Doc. 2 at 1, 6. Because both claims lack merit, as explained, Laster's appellate counsel was not ineffective for failing to raise meritless claims on direct appeal. *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) ("'Counsel is not deficient for, and prejudice does not issue from, failure to raise [on direct appeal] a legally meritless claim.'" (citation omitted)). Therefore, these claims likewise fail.

### IV. Evidentiary Hearing

Laster requests an evidentiary hearing to develop his Rule 11(c)(1)(C) claim. Doc. 2 at 6-7. But "[w]hen the files and records of a case make manifest the lack of merit of a Section 2255 [motion], the trial court is not required to hold an evidentiary hearing." *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981); *see also United States v. Reed*, 719 F.3d 369, 373-74 (5th Cir. 2013) ("A defendant is entitled to an evidentiary hearing on his § 2255 motion only if

he presents 'independent indicia of the likely merit of [his] allegations.'" (quoting *United States v. Cavitt*, 550 F.3d 430, 442 (5th Cir. 2008))).  Because Laster's claims lack merit for reasons supported by the record, as previously noted, no evidentiary hearing is necessary.[2]

## V.   CONCLUSION

Accordingly, Laster's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is **DENIED** and this case is **DISMISSED WITH PREJUDICE**.

SO ORDERED February 29, 2024.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

---

[2] Moreover, contrary to Laster's arguments, *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000), is inapplicable in this case because counsel filed a direct appeal.  Doc. 2 at 6-7.